# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2385

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Dal Thomas Carter, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  November 16, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

A jury found Dal Thomas Carter guilty of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846.  In this direct appeal, Carter raises a variety of arguments.  We reject them all.  First, viewing the evidence in the light most favorable to the verdict, we conclude a reasonable factfinder need not have had a reasonable doubt about the government's proof on any elements of the crime.  See United States v. Jensen, 141 F.3d 830, 833 (8th Cir. 1998).  Carter mainly attacks the credibility of a primary government witness, and her credibility was for the jury to evaluate.  See United States v. Hayes, 120 F.3d 739, 744 (8th Cir. 1997).  Second, the

district court did not abuse its discretion in instructing the jury that the definition of distribution includes sharing in response to the jury's request for supplemental instruction. See United States v. Hester, 140 F.3d 753, 760-61 (8th Cir. 1998); United States v. Fregoso, 60 F.3d 1314, 1325 (8th Cir. 1995); see also United States v. Slaughter, 128 F.3d 623, 629 (8th Cir. 1997) (standard of review). The district court also did not abuse its discretion in refusing to give Carter's untimely and factually unsupported proposed instruction that a buyer/seller relationship is not enough to establish conspiracy. Third, we see no abuse of discretion in the district court 's admission of expert testimony about the significance of plastic bags, syringes, a scale, and other items seized from Carter. See United States v. Ortega, 150 F.3d 937, 943 (8th Cir. 1998), cert. denied, 119 S. Ct. 837 (1999). Last, the district court properly exercised its discretion in refusing to permit the testimony of a defense expert who was not timely disclosed as required by the magistrate judge's omnibus disclosure order. See id. We thus affirm Carter's conviction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-